Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA CIRIELLO,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MRS BPO, L.L.C. d/b/a MRS ASSOCIATES,<br>and JOHN DOES 1 to 10,<br><br>                    Defendants. | Civil Action No.<br><br><br><br><br><u>**COMPLAINT**</u> |

Plaintiff, Melissa Ciriello, by way of Complaint against Defendant, MRS BPO, L.L.C. d/b/a MRS Associates and John Does 1 to 10, says:

### I.   NATURE OF THE ACTION

1.     This action for damages arises from the collection agency's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").  As described more fully below, Defendant violated the FDCPA by sending debt collection letters to Plaintiff which unlawfully exposed sensitive and personal account number to the public.

### II.   JURISDICTION AND VENUE

2.     This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue in this action properly lies in the District Court of New Jersey, Camden Vicinage.

### III.    PARTIES

4.    Plaintiff, Melissa Ciriello, is a natural person residing in Hawthorne, New Jersey in Passaic County.

5.    Defendant, MRS BPO, L.L.C. d/b/a MRS Associates ("MRS"), is a collection agency with an office located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

6.    Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV.    FACTS

7.    Defendant is not in the business of extending credit, selling goods or services to consumers.

8.    Defendant regularly collects of attempts to collect debts.

9.    Defendant regularly collects or attempts to collect debts that are past due.

10.    Defendant regularly collects or attempts to collect debts allegedly owed to others.

11.    Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

12.    Defendant is in the business of collecting debts or alleged debts of natural persons.

13.    In attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce

14.    Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

15.    Defendant is a collection agency.

16.     Defendant has asserted that Plaintiff incurred or owed a certain financial obligation to Chase Bank USA, N.A. ("Debt" or "Account").

17.     The Debt is alleged to arise from one or more transactions.

18.     The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

19.     The Account was assigned to Defendant for the purpose of collecting the Debt.

20.     Defendant contends that the Account is in default.

21.     The Account was in default at the time it was placed with or assigned to Defendant for collection.

22.     In an attempt to collect the Debt, Defendant mailed a collection letter to Plaintiff on July 3, 2014 and November 4, 2014 ("Letters").

23.     True copies of the Letters, but with redactions, are attached as **Exhibit A**.

24.     Plaintiff received and reviewed the Letters.

25.     The Letters were mailed using tri-folded self-mailers.

26.     Being sent in tri-folded self-mailers, Plaintiff's account number associated with the Debt was visible to the public.

27.     Being sent in tri-folded self-mailers, the barcode containing the account number associated with the Debt was visible to the public.

28.     Barcodes are easy to create and scan; and its use is widespread throughout the world.

29.     The information in the barcode, i.e., the account number associated with the Debt, can be easily accessed by smartphones using free applications, such as the *Barcode Scanner* which has over 100 million downloads,[1] or other readily available consumer electronic devices.

---

[1] https://play.google.com/store/apps/details?id=com.google.zxing.client.android

30.     Anyone can easily scan the barcode and access Defendant's personal account number.

31.     The account number exposed is personal identifying information, and its disclosure has the potential to cause harm to the consumer.

32.     Defendant could have easily taken measures to prevent the account numbers and the barcodes containing the account numbers from being visible to the public but chose not to do so.

33.     Defendant has recklessly availed Plaintiff's personal identifying information to the public.

34.     The FDCPA prohibits a debt collector from "[u]sing **any language or symbol**, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."  15 U.S.C. § 1692f(8) (emphasis added).

35.     Unlawfully exposing the account number, and the barcode containing the account number associated with the Debt, violates the FDCPA because it is impermissible language or symbols under § 1692f(8) which has the potential to cause harm to a consumer.  *See Douglas v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) (account number visible through the glassine window of the envelope violated the FDCPA).

36.     It is Defendant's policy and practice to send written collection communications, in the form exemplified by Exhibit A, in an attempt to collect consumer debts, which unlawfully exposed the recipients' sensitive account numbers to the public, which is in violation of sections 1692f and 1692f(8) of the FDCPA.

## V.     VIOLATIONS OF THE FDCPA

### FIRST COUNT

37.     Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

38.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

39.     The Debt is consumer "debt" as defined by 15 U.S.C. § 1692a(5).

40.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and interpretations thereof.

41.     The Letters are "communications" pursuant to 15 U.S.C. § 1692a(2).

42.     The Letters were sent by Defendant to Plaintiff in an attempt to collect the Debt.

43.     By sending the Letters to Plaintiff, Defendant violated the FDCPA in one or more of the following ways:

    a.      Defendant used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

    b.      Defendant used any language or symbol, other than Defendant's address, on any envelope when communicating with a consumer by use of the mails, in violation of 15 U.S.C. § 1692f(8).

44.     The violations of the FDCPA described herein constitute *per se* violations.

45.     Based on any one or more of those violations, Defendant is liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

46.     **WHEREFORE**, Plaintiff, Melissa Ciriello, demands judgment against Defendant, MRS BPO, L.L.C. d/b/a MRS Associates, as follows:

    A.      For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    B.      For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

    C.      For pre-judgment and post-judgment interest; and

    D.      For such other and further relief as the Court deems equitable and just.

## VI.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## VII.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the

matter in controversy is not the subject of any other action pending in any court or of any pending

arbitration or administrative proceeding.

_s/ Yongmoon Kim_

Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, NJ 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
_Attorneys for Plaintiff_

Dated: July 1, 2015